IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| COMMWORKS SOLUTIONS, LLC,<br><br>      Plaintiff,<br><br>v<br><br>FRONTIER COMMUNICATIONS PARENT, INC., FRONTIER COMMUNICATIONS HOLDINGS, LLC, FRONTIER COMMUNICATIONS CORPORATION, FRONTIER COMMUNICATIONS OF AMERICA INC., and FRONTIER SOUTHWEST INCORPORATED d/b/a FRONTIER COMMUNICATIONS OF TEXAS INC.,<br><br>      Defendants. | Civil Action No.: 6:22-cv-01268 -ADA-DTG<br><br>**Jury Trial Demanded** |

**FRONTIER COMMUNICATIONS OF AMERICA, INC.'S AND FRONTIER SOUTHWEST INCORPORATED'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Frontier Communications of America, Inc. ("Frontier America") and Frontier Southwest Incorporated ("Frontier Southwest") respond to Plaintiff's Complaint for Patent Infringement as follows:

**PARTIES**

1. Frontier America and Frontier Southwest lack information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Complaint and therefore DENY the same.

2. Frontier America and Frontier Southwest ADMIT the allegations contained in Paragraph 2 of the Complaint.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

1

3. Frontier America and Frontier Southwest ADMIT that Frontier Communications Holdings, LLC is a corporation organized and existing under the laws of Delaware, having a principal place of business at 401 Merritt 7, Norwalk, CT 06851, that Frontier Holdings LLC may be served through its registered agent Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808, that Frontier Communications Holdings LLC is a subsidiary of Frontier Communications Parent, and that Frontier Communications Holdings LLC assumed certain indebtedness pursuant to Frontier Communications Corporations' Chapter 11 bankruptcy. All remaining allegations contained in Paragraph 3 of the Complaint are DENIED.

4. Frontier America and Frontier Southwest ADMIT that, while it existed, Frontier Communications Corporation was organized under the laws of Delaware, that it had a principal place of business and could previously be served as set forth in Paragraph 4 of the Complaint and that it voluntary petitioned for relief under chapter 11 of the U.S. Bankruptcy Code on April 14, 2020. All remaining allegations contained in Paragraph 4 of the Complaint are DENIED including, specifically, the allegations that Frontier Communications is a corporation existing under the laws of Delaware, that it has a principal place of business in Delaware, and that it is registered to do business in Texas.

5. Frontier America and Frontier Southwest ADMIT the allegations contained in Paragraph 5 of the Complaint.

6. Frontier America and Frontier Southwest ADMIT the allegations contained in Paragraph 6 of the Complaint.

7. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 7 of the Complaint.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

2

8.	Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 8 of the Complaint.

9.	Frontier America and Frontier Southwest ADMIT that Paragraph 9 accurately characterizes this action.

10.	Frontier America and Frontier Southwest ADMIT the allegations contained in Paragraph 10 of the Complaint.

11.	Frontier America and Frontier Southwest ADMIT that they are subject to the personal jurisdiction of this Court. Frontier America and Frontier Southwest DENY that any other named defendant is subject to the personal jurisdiction of this Court. Any remaining allegation in Paragraph 11 is DENIED.

12.	Frontier America and Frontier Southwest ADMIT that venue for the claims presented by Plaintiff is proper as to Frontier America and Frontier Southwest in this Judicial District. Frontier America and Frontier Southwest DENY that venue in this Judicial District is proper for any other named defendant. Any remaining allegation in Paragraph 12 is DENIED.

13.	Frontier America and Frontier Southwest ADMIT that on December 14, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,832,249 ("the '249 Patent") and that the '249 Patent is entitled "Globally Accessible Computer Network-Based Broadband Communication System With User-Controllable Quality of Information Delivery and Flow Priority." Frontier America and Frontier Southwest DENY that the '249 Patent was "duly and lawfully issued." Any remaining allegation in Paragraph 13 is denied.

14.	Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 14 of the Complaint.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

3

15.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 15 of the Complaint.

16.     Frontier America and Frontier Southwest ADMIT that on May 10, 2005, the United States Patent and Trademark Office issued U.S. Patent No. 6,891,807 ("the '807 Patent") and that the '807 Patent is entitled "Time Based Wireless Access Provisioning."  Frontier America and Frontier Southwest DENY that the '807 Patent was "duly and lawfully issued." Any remaining allegation in Paragraph 16 is DENIED.

17.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 17 of the Complaint.

18.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 18 of the Complaint.

19.     Frontier America and Frontier Southwest ADMIT that on April 11, 2006, the United States Patent and Trademark Office issued U.S. Patent No. 7,027,465 ("the '465 Patent") and that the '465 Patent is entitled "Method for Contention Fee Traffic Detection." Frontier America and Frontier Southwest DENY that the '465 Patent was "duly and lawfully issued." Any remaining allegation in Paragraph 16 is DENIED.

20.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 20 of the Complaint.

21.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 21 of the Complaint.

22.     Frontier America and Frontier Southwest ADMIT that on February 13, 2007, the United States Patent and Trademark Office issued U.S. Patent No. 7,177,285 ("the '285 Patent") and that the '285 Patent is entitled "Time Based Wireless Access Provisioning." Frontier America and

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

4

Frontier Southwest DENY that the '285 Patent was "duly and lawfully issued." Any remaining allegation in Paragraph 22 is DENIED.

23. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 23 of the Complaint.

24. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 24 of the Complaint.

25. Frontier America and Frontier Southwest ADMIT that on December 9, 2008, the United States Patent and Trademark Office issued U.S. Patent No. 7,463,596 ("the '596 Patent") and that the '596 Patent is entitled "Time Based Wireless Access Provisioning." Frontier America and Frontier Southwest DENY that the '596 Patent was "duly and lawfully issued." Any remaining allegation in Paragraph 25 is DENIED.

26. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 26 of the Complaint.

27. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 27 of the Complaint.

28. Frontier America and Frontier Southwest ADMIT that on July 20, 2010, the United States Patent and Trademark Office issued U.S. Patent No. 7,760,664 ("the '664 Patent") and that the '664 Patent is entitled "Determining and Provisioning Paths in a Network." Frontier America and Frontier Southwest DENY that the '664 Patent was "duly and lawfully issued." Any remaining allegation in Paragraph 28 is DENIED.

29. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 29 of the Complaint.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

5

30.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 30 of the Complaint.

31.     Frontier America and Frontier Southwest ADMIT that on March 22, 2011, the United States Patent and Trademark Office issued U.S. Patent No. 7,911,979 ("the '979 Patent") and that the '979 Patent is entitled "Time Based Access Provisioning System and Process." Frontier America and Frontier Southwest DENY that the '979 Patent was "duly and lawfully issued." Any remaining allegation in Paragraph 31 is DENIED.

32.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 32 of the Complaint.

33.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 33 of the Complaint.

34.     Frontier America and Frontier Southwest ADMIT that on May 20, 2014, the United States Patent and Trademark Office issued U.S. Patent No. RE44,904 ("the '904 Patent") and that the '904 Patent is entitled "Method for Contention Free Traffic Detection." Frontier America and Frontier Southwest DENY that the '904 Patent was "duly and lawfully issued." Any remaining allegation in Paragraph 34 is DENIED.

35.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 35 of the Complaint.

36.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 36 of the Complaint.

37.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 37 of the Complaint.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

6

38.     Frontier America and Frontier Southwest ADMIT that, in a communication dated February 21, 2020, a "Ryan E. Strong, Senior Vice President, COO, IPinvestments Group" sent an email to mark.neilsen@ftr.com and that the email contained a letter to "Mr. Mark D. Nielsen, General Counsel, Frontier Communications Corporation." Frontier America and Frontier Southwest DENY that the letter and/or email referenced in Paragraph 38 of the Complaint notified either of Frontier America or Frontier Southwest of the existence of any of the Patents-in-Suit or invited them to hold licensing discussions with CommWorks. Any remaining allegation in Paragraph 38 is DENIED.

39.     Frontier America and Frontier Southwest ADMIT that, in a communication dated April 17, 2020, a "Dmitry Kheyfits," as counsel for CommWorks sent an email to mark.neilsen@ftr.com and that the email contained a letter to "Mr. Mark D. Nielsen, Executive Vice President and General Counsel, Frontier Communications Corporation."  Frontier America and Frontier Southwest DENY that the letter and/or email referenced in Paragraph 39 of the Complaint notified either of Frontier America or Frontier Southwest that it infringes any of the Patents-in-Suit or invited them to hold licensing discussions with CommWorks. Any remaining allegation in Paragraph 39 is DENIED.

## COUNT I: ALLEGATIONS OF INFRINGEMENT OF THE '249 PATENT

40.     Frontier America and Frontier Southwest incorporate their responses in the preceding paragraphs as if fully set forth herein.

41.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 41 of the Complaint.

42.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 42 of the Complaint.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

7

43.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 43 of the Complaint.

44.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 44 of the Complaint.

45.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 45 of the Complaint.

## COUNT II: ALLEGATIONS OF INFRINGEMENT OF THE '807 PATENT

46.     Frontier America and Frontier Southwest incorporate their responses in the preceding paragraphs as if fully set forth herein.

47.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 47 of the Complaint.

48.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 48 of the Complaint.

49.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 49 of the Complaint.

50.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 50 of the Complaint.

51.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 51 of the Complaint.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

8

## COUNT III: ALLEGATIONS OF INFRINGEMENT OF THE '807 PATENT

52.     Frontier America and Frontier Southwest incorporate their responses in the preceding paragraphs as if fully set forth herein.

53.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 53 of the Complaint.

54.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 54 of the Complaint.

55.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 55 of the Complaint.

56.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 56 of the Complaint.

## COUNT IV: ALLEGATIONS OF INFRINGEMENT OF THE '285 PATENT

57.     Frontier America and Frontier Southwest incorporate their responses in the preceding paragraphs as if fully set forth herein.

58.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 58 of the Complaint.

59.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 59 of the Complaint.

60.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 60 of the Complaint.

61.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 61 of the Complaint.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

9

62. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 62 of the Complaint.

### COUNT V: ALLEGATIONS OF INFRINGEMENT OF THE '596 PATENT

63. Frontier America and Frontier Southwest incorporate their responses in the preceding paragraphs as if fully set forth herein.

64. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 64 of the Complaint.

65. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 65 of the Complaint.

66. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 66 of the Complaint.

67. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 67 of the Complaint.

68. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 68 of the Complaint.

### COUNT VI: ALLEGATIONS OF INFRINGEMENT OF THE '664 PATENT

69. Frontier America and Frontier Southwest incorporate their responses in the preceding paragraphs as if fully set forth herein.

70. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 70 of the Complaint.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

10

71.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 71 of the Complaint.

72.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 72 of the Complaint.

73.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 73 of the Complaint.

74.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 74 of the Complaint.

## COUNT VII: ALLEGATIONS OF INFRINGEMENT OF THE '979 PATENT

75.     Frontier America and Frontier Southwest incorporate their responses in the preceding paragraphs as if fully set forth herein.

76.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 76 of the Complaint.

77.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 77 of the Complaint.

78.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 78 of the Complaint.

79.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 79 of the Complaint.

80.     Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 80 of the Complaint.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

11

## COUNT VIII: ALLEGATIONS OF INFRINGEMENT OF THE '904 PATENT

81. Frontier America and Frontier Southwest incorporate their responses in the preceding paragraphs as if fully set forth herein.

82. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 82 of the Complaint.

83. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 83 of the Complaint.

84. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 84 of the Complaint.

85. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 85 of the Complaint.

86. Frontier America and Frontier Southwest DENY the allegations contained in Paragraph 86 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

A response is not required to Plaintiff's prayer for relief. To the extent that any response is deemed required to any paragraph of Plaintiff's "Prayer for Relief," Frontier America and Frontier Southwest deny that Plaintiff is entitled to be awarded any relief whatsoever.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Frontier America and Frontier Southwest hereby demand a jury trial on all issues triable in this action.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

12

## **AFFIRMATIVE DEFENSES**

By asserting the following affirmative defenses, Frontier America and Frontier Southwest does not intend to take on burdens of proof that it would not otherwise have or reduce Plaintiff's burden of proof on its affirmative claims.

1. <u>Non-Infringement, the Absence of Liability for Infringement</u>: Neither Frontier America nor Frontier Southwest has infringed any claim of any of the Patents-in-Suit.

2. <u>Invalidity on Grounds Specified in Part II of 35 U.S.C.</u>: The claims alleged to be infringed are invalid for failing to comply with one or more of the grounds specified in Part II of 35 U.S.C. as a condition for patentability, including, but not limited to, the grounds set forth in 35 U.S.C. §§ 101, 102, and/or 103.

3. <u>Invalidity for Failure to Comply with the Requirements of 35 U.S.C. § 112</u>: The claims alleged to be infringed are invalid for failing to comply with one or more of the requirements of 35 U.S.C. § 112.

4. <u>Invalidity for Failure to Comply with the Requirements of 35 U.S.C. § 251</u>: The claim(s) of the '904 Patent that are alleged to be infringed are invalid for failing to comply with one or more of the requirements of 35 U.S.C. § 251.

5. <u>Limitations on Damages:</u> The recoverable damages available to Plaintiff if liability is established are limited by 35 U.S.C. §§ 286 and 287.

6. <u>Absolute Intervening Rights – Reissue Patent:</u> Plaintiff's ability to obtain relief with respect to its allegations of infringement of the '904 Patent is limited by 35 U.S.C. § 252.

7. <u>Absolute Intervening Rights – Reexamined Patent:</u> Plaintiff's ability to obtain relief with respect to its allegations of infringement of the '664 Patent and the '249 Patent is limited by 35 U.S.C. § 307.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

13

## RESERVATION OF RIGHTS

Frontier Southwest reserves the right to amend this answer, the currently pled defenses, and/or add additional defenses. Frontier America and Frontier Southwest specifically reserve the right to implead third parties, including, but not limited to, the third-party manufacturers of the products identified in ¶¶ 41, 47, 53, 58, 64, 70, 76, and 83, and any third parties that may owe one or both of them obligations of indemnity and/or defense with respect to such products.

## PRAYER FOR RELIEF

Frontier America and Frontier Southwest respectfully request that the Court enter judgment in its favor and against the Plaintiff on all claims advanced in Plaintiff's Complaint.

*/s/ Robert J McAughan Jr.*
Robert J. McAughan, Jr.
Attorney-in-Charge
Texas Bar No. 00786096
Albert B. Deaver, Jr.
Texas Bar No. 05703800

**MCAUGHAN DEAVER PLLC**
550 Westcott, Suite 375
Houston, Texas 77007
Telephone: (713) 829-3851
bmcaughan@md-iplaw.com
adeaver@md-iplaw.com

*Attorneys for Defendants Frontier Communications of America, Inc. and Frontier Southwest Incorporated*

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

14

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 31, 2023, a true and accurate copy of the foregoing document was e-filed with the Court using the CM/ECF system, to be served electronically on all counsel of record in this matter and that a courtesy copy of the same was emailed to Plaintiff's counsel at the following email addresses:

dkheyfits@kblit.com; bmoore@kblit.com; abelenky@kblit.com;

sdavis@stafforddavisfirm.com; cbartles@stafforddavisfirm.com

*/s/ Al Deaver*
Albert B. Deaver, Jr.

FRONTIER COMMUNICATIONS OF AMERICA, INC.'S and FRONTIER SOUTHWEST INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

15